LAWRENCE HERMAN AND DIANE HERMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herman v. Commissioner
Docket Nos. 26194-84, 24643-87
United States Tax Court
T.C. Memo 1993-522; 1993 Tax Ct. Memo LEXIS 533; 66 T.C.M. (CCH) 1277; November 15, 1993, Filed *533 Decision will be entered under Rule 155. For petitioners: Michael Profita. For respondent: Alan S. Kline. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned for trial or other disposition pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Respondent determined the following Federal income tax deficiencies, increased interest, and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6621(c)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1980
$ 19,820
applicable
--
--
1981
3,323
--  --
--
By amended answer in docket No. 24643-87 respondent claimed an addition to tax under section 6653(a) for the year 1980. By amended answer in docket No. 26194-84 respondent claimed an increased total deficiency of $ 28,717 for the year 1981 and also claimed by amended answer increased interest under section 6621(c) and additions to tax under section 6653(a)(1) and (2). The parties have reached agreement on several of the *534 issues. The issues remaining for decision are: (1) Whether petitioners are liable for the additions to tax for negligence pursuant to section 6653(a) for the 1980 tax year, and (2) whether petitioners are liable for the additions to tax for negligence pursuant to section 6653(a)(1) and (2) for the 1981 tax year. Some of the facts have been stipulated and they are so found. At the time the petition herein was filed petitioners resided at Jamaica Estates, New York. Lawrence Herman (hereinafter petitioner) and Diane Herman filed joint Federal income tax returns for the years 1980 and 1981. Petitioner earned a bachelor's degree in electrical engineering from the Community College of New York and a masters of science degree in electrical engineering from Columbia University. Petitioner has served as president of Applied Electric Corp., an electrical contracting firm since 1967. In December 1980 petitioner invested in Great Salt Lake Drilling Associates (GSLDA), a limited partnership. He learned of the existence of GSLDA from his accountant, Stephen Koshers, C.P.A., (hereinafter Koshers). Prior to investing in GSLDA petitioner read both the offering memorandum and the promotional *535 brochure. GSLDA was purportedly formed to engage in oil and gas related businesses including the development of a new drill, the Terra Drill. In , this Court determined that GSLDA was a tax shelter without a profit motive. On their 1980 and 1981 returns, prepared by Koshers, petitioners claimed GSLDA partnership losses of $ 66,494 and $ 66,201, respectively. Schedule K-1's prepared by the partnership's accountants, Laventhol & Horwath, were used in preparing petitioners' 1980 and 1981 tax returns. Respondent disallowed the deductions generated from the partnership in full. Petitioners have conceded that they are not entitled to the GSLDA partnership losses claimed by them. The sole issue remaining for decision is whether petitioners are liable for the negligence related additions to tax. The additions to tax were asserted by respondent by amended answer. Respondent therefore has the burden of proof. Rule 142(a). Sections 6653(a) and 6653(a)(1), as applicable, provide that if any part of any underpayment of tax is due to negligence or intentional disregard of the rules or regulations, there shall be *536 added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(2) provides for an addition to tax in the amount of 50 percent of the interest payable on the portion of any underpayment of tax which is attributable to negligence. Negligence, within the meaning of section 6653, is the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. ; . In the instant case, petitioners acted neither reasonably nor prudently in claiming the disallowed losses. Petitioner read both the offering memorandum and promotional brochure and relied on the information contained therein and assurances given by his accountant, Koshers, in making his investment in GSLDA. Petitioner, however, possessed neither the knowledge nor expertise to evaluate the information contained in the offering memorandum and promotional brochure. He possessed no specialized knowledge, degrees, or certificates in the fields of petroleum engineering, drilling technology, or geology. Petitioner *537 had no practical experience in, has never been employed in, and has never engaged in any business activity relating to the fields of petroleum engineering, oil and gas well drilling technology, or geology. Petitioner admits he never possessed the ability to knowledgeably evaluate the partnership's claims either as to the anticipated profitability of the Terra Drill technology or as to the expected revenue potential of the exploratory and developmental well drilling programs. Under the circumstances we find that a reasonable and ordinarily prudent investor, with petitioner's limited knowledge of the oil and gas business, would have made further inquiries to determine the accuracy of the information contained in the offering memorandum and promotional brochure. Moreover, we believe that the discussions in the prospectus of high write offs and risk of audit would have alerted a reasonable and ordinarily prudent investor that the deductions discussed in those documents were questionable at best. , affg. . Accordingly, based upon the facts presented, *538 we find that respondent has met her burden of proving that petitioners were negligent in deducting the losses related to their investment in GSLDA. Petitioner argues that his reliance upon the assurances given by Koshers insulates him from the negligence additions to tax. Petitioner relies primarily on . In Boyle, the Supreme Court expressed the principle that "When an accountant or attorney advises a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice." . The reliance however, must be reasonable, in good faith, and based upon full disclosure. , affd. without published opinion ; . Furthermore, reliance on professional advice standing alone is not an absolute defense to negligence, but rather a factor to be considered. , *539 affd. , affd. . Petitioner contends that Koshers advised him that any losses generated by the partnership would be properly deductible. Petitioner also asserts that prior to deciding to invest in GSLDA he requested that Koshers meet with Samuel Simon, the general partner of GSLDA, to determine if the business was legitimate. After doing so Koshers reportedly stated that he was satisfied that he, Simon, was legitimate and that he had a legitimate office in a legitimate place. Relying on statements made by a principal of the partnership, however, is no different from relying upon statements contained in an offering memorandum and promotional brochure. Koshers conducted no independent investigation of GSLDA on behalf of petitioners. His report was not based on first hand knowledge of the partnership. Furthermore, the record indicates that Koshers lacked the requisite knowledge and expertise to evaluate the material contained in the offering memorandum and promotional brochure. We have rejected *540 pleas of reliance when neither the taxpayer nor the adviser relied upon by the taxpayer knew anything about the business. ; ; . We have reviewed the other authorities cited by petitioners in support of their arguments and find them to be inapplicable. Based upon the record presented, we find that petitioners' reliance upon the advice of Koshers and the materials prepared by the accounting firm was not reasonable, in good faith, or based upon full disclosure. Petitioner also indicated that he placed reliance on financial statements and K-1's issued by the recognized accounting firm of Laventhol & Horwath. We find that such reliance was neither reasonable, in good faith, or based upon full disclosure. There is nothing in the record to indicate that the documents prepared by Laventhol & Horwath were based upon first hand knowledge. Respondent is sustained. Decision will be entered under Rule 155.